# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DUBUQUE

SCOTT MICHAEL HARRY,

    Movant,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. C20-1046-LTS
(Crim. No. CR17-1017-LTS)

**INITIAL
REVIEW ORDER**

## *I.     INTRODUCTION*

This matter is before me on Scott Harry's pro se motion (Doc. 1) to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Harry argues that he is entitled to relief based on multiple theories of ineffective assistance of counsel.

On June 7, 2017, Harry was indicted on one count of possession with the intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Crim. Doc. 2. On December 21, 2017, after a two-day trial, a jury found Harry guilty of that charge. Crim. Doc. 82. On May 31, 2018, I sentenced Harry to 280 months' imprisonment.[1] Crim Doc. 100. Judgment was entered on June 1, 2018. Crim. Doc. 101. Harry's conviction and sentence were affirmed on appeal. *United States v. Harry*, 930 F.3d 1000 (8th Cir. 2019). The mandate issued on August 22, 2019, and Harry did not seek a writ of certiorari. *Id.* He signed and mailed his present motion on October 6, 2020.

---

[1] At sentencing, I announced my categorical disagreement with actual or ice methamphetamine guidelines and granted Harry's request for a downward variance, thus arriving at a sentence well below the advisory guidelines range of 360 months to life. Crim Doc. 108; *see also United States v. Harry*, 313 F. Supp. 3d 969 (N.D. Iowa 2018).

## II.    INITIAL REVIEW STANDARD

Rule 4(b) of the Rules Governing § 2255 Proceedings requires the court to conduct an initial review of the motion and dismiss the motion if it is clear that it cannot succeed. Three reasons generally give rise to a preliminary Rule 4(b) dismissal. First, summary dismissal is appropriate when the allegations are vague or conclusory, palpably incredible, or patently frivolous or false. *See Blackledge v. Allison*, 432 U.S. 63, 75-76 (1977).

Second, summary dismissal is appropriate when the motion is beyond the statute of limitations. Section 2255(f) states that a one-year limitations period shall apply to motions filed under 28 U.S.C. § 2255. *See, e.g., Taylor v. United States*, 792 F.3d 865, 869 (8th Cir. 2015). The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). The most common limitation period is the one stemming from final judgment. If no appeal is taken, judgment is final fourteen days after entry. *See* Federal Rule of Appellate Procedure 4(b) (giving defendants 14 days to file a notice of appeal in a criminal case). If an appeal is taken, the time to file begins to run either 90 days after the denial if no further appeal is taken or at the denial of certiorari if a petition for certiorari is filed. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation

2

period starts to run when the time for seeking such review expires."); *see also* U.S. Sup. Ct. R. 13.

This is a strict standard with only very narrow exception. As set out by the Eighth Circuit Court of Appeals:

> The Antiterrorism and Effective Death Penalty Act of 1996 imposed, among other things, a one-year statute of limitations on motions by prisoners under section 2255 seeking to modify, vacate, or correct their federal sentences. *See Johnson v. United States*, 544 U.S. 295, 299 (2005). The one-year statute of limitation may be equitably tolled "only if [the movant] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631 (2010) (*quoting Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)) (applicable to section 2254 petitions; *see also United States v. Martin,* 408 F.3d 1089, 1093 (8th Cir. 2005) (applying same rule to section 2255 motions).

*Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013).

Third, summary dismissal is appropriate when the movant has filed a previous § 2255 motion. Under the rules, movants are prohibited from filing a second 28 U.S.C. § 2255 motion unless they are granted leave from the Eighth Circuit Court of Appeals. *See* 28 U.S.C. § 2255(h), 28 U.S.C. § 2244(b)(3)(A); *see also United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015). Dismissal is appropriate if the movant has failed to obtain leave to file a second or successive habeas motion. *Id.*

### III.  INITIAL REVIEW ANALYSIS

As noted above, the court of appeals issued its mandate on August 22, 2019. Because Harry did not seek certiorari, his one-year clock began 90 days later, on November 20, 2019. Harry filed the present petition on October 6, 2020, within a year of November 20, 2019. Thus, his motion is timely. This is his first § 2255 motion, meaning the only issue left for initial review is whether his claims are patently frivolous.

3

Harry raises two claims about the alleged ineffectiveness of his trial counsel, with multiple sub-claims. Because ineffective assistance of counsel claims are properly raised for the first time in collateral proceedings under 28 U.S.C. § 2255, they are properly raised in Harry's motion. *See, e.g., United States v. Sanchez-Garcia*, 685 F.3d 745, 755 (8th Cir. 2012). Additionally, I find that Harry's claims of ineffective assistance are not patently frivolous. As such, I will direct the Government to respond to them.

A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied).

Therefore, counsel whose representation is challenged is directed to file with the court an affidavit that responds to the movant's specific allegation(s) of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel is directed to attach to, or include with, his or her affidavit all of the documents that he or she reasonably believes are necessary to respond to the movant's allegation(s).

4

The Clerk's Office is directed to provide a copy of this order to Harry's former counsel.[2] After counsel complies with these directives, the Clerk's Office shall serve both parties with a copy of the documents that counsel files. If Harry objects to former counsel responding as ordered herein, he is directed to notify the court of the objection and the basis for the objection. Upon receipt of an objection by Harry, the court will notify the parties and counsel that they need not take further action until they are directed to do so by the court.

### IV.    CONCLUSION

For the reasons set forth herein:

1.    The Clerk's Office shall provide a copy of this order to Harry's prior counsel. Prior counsel is directed to file an affidavit within **30 days** of this order, responding to the allegations set out in the § 2255 motion (Doc. 1). If Harry objects to former counsel responding as ordered herein, he must notify the court of the objection and the basis for the objection within **21 days** of this order.

2.    The Government must file its response to Harry's § 2255 motion within **60 days** of this order.

3.    Harry may file a responsive pleading within **30 days** of the Government's response.

---

[2] Relevant ethical guidelines are set in the ABA Model Rules of Professional Conduct. *See* ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15. If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response, in camera with a request for a protective order if necessary, that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

**IT IS SO ORDERED.**

**DATED** this 31st day of January, 2022.

_____

Leonard T. Strand, Chief Judge

6